IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FIFTH THIRD BANK,** an Ohio banking corporation, successor by merger to **FIFTH THIRD BANK,** a Michigan banking corporation | ) ) ) ) | |
| | ) | **Case No.** |
| Plaintiff, | ) ) | |
| vs. | ) ) | **JUDGE** |
| MATTHEW H. SULLIVAN and BRIAN J.SULLIVAN, | ) ) ) | |
| Defendants, | ) | |

## COMPLAINT

Fifth Third Bank, an Ohio banking corporation, successor by merger to Fifth Third Bank, a Michigan banking corporation ("Fifth Third"), by its attorneys, John K. Kallman and Kenneth Hartmann, for its Complaint against defendants Matthew T. Sullivan and Brian J. Sullivan (together referred to as "Borrower"), states as follows:

## JURISDICTION AND VENUE

1. Fifth Third is an Ohio banking corporation, successor by merger to Fifth Third Bank, a Michigan banking corporation ("Prior Bank") having its principal place of business in Cincinnati, Ohio. Fifth Third is a citizen of Ohio. Fifth Third has a place of business in Chicago, Cook County, Illinois and the claims involved in this case arose out of a loan made by Prior Bank from that place of business.

2. Defendant Matthew T. Sullivan is a citizen of Illinois, residing in Forest Park, Illinois.

3. Defendant Brian J. Sullivan is a citizen of Illinois, residing in Forest Park, Illinois.

4. This case involves a Settlement Agreement and a Promissory Note given in connection with such Settlement Agreement, made by Borrower to Prior Bank in the City of Chicago. The loan documents specifically provide that courts located in Cook County, Illinois shall have exclusive jurisdiction over all matters arising under the Promissory Note.

5. The amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000, and this court has diversity jurisdiction under 28 U.S.C. 1332.

6. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District, and all defendants reside in this District.

## **COUNT I - ON THE NOTE**

7. On or about August 11, 2009, Borrower executed and delivered to Prior Bank a Promissory Note, evidencing a promise to pay to Prior Bank the principal amount of $532,500, plus interest prior to default at a rate of 5%, and with interest after default at a rate of 11%. A true and correct copy of the Promissory Note is attached hereto as Exhibit A.

8. The first installment under the Promissory Note became due on February 1, 2011. Borrower has failed to pay three installments of principal and interest on the Promissory Note which were due on February 1, 2011, March 1, 2011 and April 1, 2011 (the "Unpaid Installments"). Each of the Unpaid Installments was in the amount of $3,112.94, for a total of $9,338.82, of which $6,645.05 represents interest.

9. As a result of the Borrower's failure to pay the Unpaid Installments, late fees have accrued on the Promissory Note (together with the Unpaid Installments, the late fees are referred to as the "Past Due Amounts").

10. On April 19, 2011, Fifth Third sent a demand letter to Borrower, a true and correct copy of which is attached hereto as Exhibit B. ("Demand Letter"). The Demand Letter was delivered to Borrower on April 20, 2011 in accordance with the terms of the Promissory Note and Settlement Agreement.

11. As of July 20 2011, Borrower has failed and refused to pay the Past Due Amounts to Fifth Third. The failure of Borrower to pay the Past Due Amounts within twenty five days after notice to the Borrower of the Borrower's failure to pay the Past Due Amounts constitutes an Event of Default under the Promissory Note, entitling Fifth Third to accelerate, and Fifth Third has accelerated the maturity of all amounts due and to become due under the Promissory Note.

12. As of July 1, 2011, there is due under the Promissory Note the principal amount of $494,699.23, interest in the amount of $41,914.73, late fees in the amount of $2,358.65, plus Fifth Third's costs, expenses and attorneys' fees as provided by the Promissory Note.

WHEREFORE, Fifth Third demands judgment against Borrower for $538,942.61, or such greater sum as is shown due at the entry of Judgment, plus its costs, expenses and attorneys' fees.

## COUNT II – ON THE SETTLEMENT AGREEMENT

13. On or about August 16, 2009, the Borrower and Prior Bank, and the Borrower's respective spouses, Mary T. Sullivan and Marcia Sullivan, and one of the Borrower's business entities, Austin Law, LLC, entered into a Settlement Agreement (the "Settlement Agreement"), whereby the parties compromised and settled, upon the terms contained therein, certain debts due from the Sullivans to the Prior Bank under a previous loan in the principal amount of $4,050,000. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit

C. The Promissory Note sued upon in Count I hereof was executed and delivered to Prior Bank by Borrower as a condition to the Settlement Agreement.

    14.    Paragraph 7 of the Settlement Agreement provides in material part:

> Upon the occurrence of a "Sullivan Party Event of Default" (as hereinafter defined), the Bank shall have the right to exercise any right or remedy available to it hereunder, and under the Promissory Note, at law or in equity, all of which rights and remedies shall be cumulative and not exclusive, and shall have the right to recover the full Settlement Amount (less any payments of principal made under the Promissory Note) from the Borrower, notwithstanding the lesser principal amount contained in the Promissory Note given as part of this Settlement Agreement. As used herein, the term "Settlement Amount" shall mean the sum of One Million Thirty Two Thousand Five Hundred Dollars ($1,032,500). As used herein, the term "Sullivan Party Event of Default" shall mean the occurrence of any of the following events after the date of this Agreement with respect to any one or more of the Sullivans (each, a "Sullivan Party"):
>
>     (a)    The occurrence of any breach of any term of this Agreement or of any Event of Default as provided for and defined in the new Promissory Note or in the Proceeds Security Agreement;

16-20.  Paragraphs 8-12 of Count I of this Complaint are incorporated herein by reference as Paragraphs 16-20 of Count II of this Complaint.

    21.    As alleged in Paragraphs 16-20 of this Complaint, an Event of Default has occurred under the Promissory Note. That Event of Default under the Promissory Note constitutes a "Sullivan Party Event of Default" under the Settlement Agreement. As a result of the occurrence of the Sullivan Party Event of Default, Borrower is liable to Fifth Third in the amount of $1,032,500, less any amounts that are recovered in this cause which are attributable to principal under the Promissory Note.

    22.    Under paragraph 8 of the Settlement Agreement, the Borrower must pay Fifth Third's reasonable attorneys' fees, costs and expenses incurred in connection with enforcement of the Settlement Agreement.

4

WHEREFORE, Fifth Third demands judgment against Matthew T. Sullivan and Brian J. Sullivan for $1,032,500, or such greater sum as is shown due at the entry of Judgment, less any amounts that are recovered in this cause which are attributable to principal under the Promissory Note, plus Fifth Third's costs, expenses and attorneys' fees.

Dated, this July 20, 2011:

/s/ John K. Kallman

John K. Kallman, Esq.
221 North LaSalle Street
Suite 1200
Chicago, IL 60601
(312) 578-1515
Fax: (312) 332-3920
jkkallman@sbcglobal.net

Kenneth Hartmann, Esq.
2580 Foxfield Drive
Suite 104
St. Charles, IL 60174
(630) 377-2502
Fax: (630) 377-2503
khartmannlaw@sbcglobal.net