IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIFTH THIRD BANK, by its assignee SMS FINANCIAL RECOVERY SERVICES, LLC | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) ) | Case No. 11-CV-5094 |
| | ) | Judge Robert W. Gettleman |
| MATTHEW H. SULLIVAN and BRIAN J. SULLIVAN | ) ) | Magistrate Judge Kim |
| | ) | |
| Defendants | ) | |

## MOTION TO QUASH THE CITATION AS TO ASSETS OF MARY T. SULLIVAN

The defendant BRIAN J. SULLIVAN through his attorney LAWRENCE E. SOMMERS, and pursuant to the Federal Rules of Civil Procedure, hereby objects to the states as follows:

1. A Third-Party Citation to Discover Assets was served on the Old National Bank on April 29, 2024, pursuant to a revived judgment against the defendants. The Citation required an answer to be filed by May 24, 2024. A true and correct copy of the citation is attached hereto as Exhibit A.

2. Old National Bank filed an answer to the citation identifying assets held by the defendant BRIAN J. SULLIVAN, specifically in account #1560000202 in the amount of $92,683.00 which is a joint account in the name Brian Sullivan and Mary T. Sullivan, as evidenced by the bank statement from Old National Bank attached hereto as Exhibit B.

3. Mary T. Sullivan is the wife of defendant BRIAN J. SULLIVAN and was his wife at the time of the citation being served on Old National Bank.

4.      Defendant BRIAN J. SULLIVAN asserts that the funds in the said Old National Bank account are almost entirely the proceeds of an amount inherited by Mary T. Sulliven from her late father.

5.      Mary T. Sullivan later lent those inherited funds to John F. Sullivan, the son of Brian J. and Mary T. Sullivan for the purpose of purchasing a home. The home was located at 27605 113th Street, Trevor, Wisconsin, and the purchase occurred on December 20, 2022, as evidenced by the closing statement from Knight Barry Title Company. A true and correct copy of that closing statement is attached hereto as Exhibit C.

6.      The purchase funds for that home were entirely from Mary T. Sullivan's inheritance referenced in paragraph 4 above.

7.      The home was sold on February 16, 2024, at which time Mary T. Sullivan was repaid in full by the sellers of the real estate, as evidenced by the closing statement for the sale of the property to JMTAA II, LLC. A true and correct copy of that closing statement is attached hereto as Exhibit D.

8.      The repayment was in the form of a check from Knight Barry Title company in the amount of $100,000.00. A true and correct copy of that check is attached hereto as Exhibit E.

9.      The said Knight Barry check for $100,000.00 was deposited in the Old National Bank joint account #1560000202 on February 21, 2024, as evidenced by the deposit document attached hereto as Exhibit F.

10.     The defendant BRIAN T. SULLIVAN asserts that the $100,000.00 deposit into the is the sole and exclusive property of Mary T. Sullivan, received by her in an inheritance from her father.

11. Mary T. Sullivan is and was not a party to the case against whom the judgement as stated in the Citation was entered. The judgment was never entered against Maty T. Sullivan, and therefore the $100,000.00 in the account should not be part of any seizure or turnover order.

12. As a result of the answer to the citation, Old National Bank has frozen the assets held in the joint account and Mary T. Sullivan does not have access to her money. As such, the court should enter an order exempting the $100,000.00 deposit in the joint account of Brian J. and Mary T. Sullivan.

13. In support of this motion, the affidavit of Mary T. Sullivan is attached hereto as Exhibit G.

WHEREFORE the defendant BRIAN J. SULLIVAN hereby respectfully prays that this Honorable Court enter an order for the following relief:

a. Quash the citation to discover assets as to the property of Mary T. Sullivan held in the Old National Bank joint account #1560000202, and

b. Exempting the $100,000.00 belonging to Mary T. Sullivan from seizure by or turnover to the judgment creditor, and

c. Any other and further relief this Court shall deem just and equitable.

Respectfully submitted.

BRIAN J. SULLIVAN

By:/s/: _Lawrence E. Sommers_
One of his attorneys

Lawrence E. Sommers, Esq.
9100 West Plainfield Road
Brookfield, Illinois 60513
(312) 282-8541
Lesomm526@gmail.com